

# Fourth Court of Appeals
## San Antonio, Texas

January 7, 2022

No. 04-21-00028-CV

**IN THE INTEREST OF N.M.B., A CHILD**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-EM5-06049
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

Appellant Channel Beverly appeals from the trial court's dismissal of her petition in intervention in a suit affecting the parent-child relationship. She is now the sole appellant in this appeal. The reporter's record remains due to be filed.

As we have noted in previous orders, Channel Beverly filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. In our order of August 16, 2021, we explained that on June 22, 2021, the staff attorney to the Bexar County Civil District Courts filed a letter informing this Court that the trial court held a hearing on June 15, 2021 regarding Appellant Channel Beverly's inability to afford costs, and determined that she had to ability to afford costs and would be allowed to pay under a payment plan. A supplemental clerk's record containing the trial court's findings, however, was never filed in this Court.

In our order of August 16, 2021, we ordered Appellant Channel Beverly to file written proof that she had designated, in writing, the portions of the proceedings she desired court reporter Mary M. Wilson to include in the reporter's record. We further ordered Appellant Channel Beverly to provide written proof that she had paid or made arrangements to pay the court reporter's fee for preparing the reporter's record. On August 26, 2021, Appellant Channel Beverly filed written proof that she had done both. Thus, on September 1, 2021, we ordered court reporter Mary M. Wilson to file the reporter's record on or before October 1, 2021.

In a letter dated September 22, 2021, court reporter Mary M. Wilson asks for "direction" in regards to filing the reporter's record. She states that Appellant Channel Beverly made an initial payment of $500 and is "past due" $1,000 at this point. She also makes reference to the trial court ordering appellant to pay half the cost and another appellant (Shante Taylor who has since moved to have her appeal dismissed and whose appeal has been dismissed by this Court) to pay the other half of the cost for preparing the record. Therefore, on September 28, 2021, we ordered the trial court to file by October 28, 2021, its findings pursuant to Texas Rule of Civil

Procedure 145(f). *See* TEX. R. CIV. P. 145(f)(2) ("An order requiring the declarant to pay costs must be supported *by detailed findings* that the declarant can afford to pay costs.") (emphasis added); *see also id*. 145(f)(3) ("The court may order that the declarant pay the part of the costs the declarant can afford or that payment be made in installments. *But the court must not delay the case if payment is made in installments*.") (emphasis added). We further ordered the trial court to file a supplemental clerk's record of the trial court's findings by November 8, 2021. Finally, we explained that if Appellant Channel Beverly desired to appeal the trial court's findings, she was required to file a motion in this court within ten days of a supplemental clerk's record containing the trial court's findings being filed in this Court.

On November 23, 2021, a supplemental clerk's record containing the trial court's findings was filed. The trial court found that Appellant Channel Beverly can afford to pay half the costs of the appellate record. Appellant Channel Beverly did not file a motion in this Court within ten days of the filing of the supplemental record, indicating any intent to appeal this finding by the trial court.

We therefore ORDER Appellant Channel Beverly to provide written proof to this Court on or before **January 18, 2022** that **she has paid half the costs of preparing the reporter's record**. If Appellant Channel Beverly fails to respond within the time provided, appellant's brief will be due within thirty days from the date of this order, and the court will only consider those issues or points raised in appellant's brief that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c).

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of January, 2022.

_____
Michael A. Cruz,
Clerk of Court